UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CR-193-JED |
| v. ) | |
| ) | |
| PARRIS DESHAUNTE EVITT, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Before the Court is Defendant Parris Deshaunte Evitt's Motion for Modification of Sentence. (Doc. 34). The government did not file a response to Defendant's Motion. For the reasons explained below, the Court dismisses Mr. Evitt's Motion.

**I.   Background**

On July 5, 2017, Tulsa County District Court issued a protection order against Defendant requiring that he not contact L.L., the mother of two of Defendant's children and a woman with whom Defendant had a long and tumultuous romantic relationship. (Doc. 23 at 6-7; Doc. 25 at 3-4). Defendant disregarded that order for over two years by harassing, intimidating, and threatening L.L. through various electronic communication systems, i.e., emails, Facebook messages, text messages, and phone calls. (Doc. 23 at 6). Defendant also used electronic communication systems to publicly share information about L.L's sexual health and photographs of her genitalia. (*Id*. at 7).

Defendant was indicted by a federal Grand Jury on September 11, 2020, and ultimately entered a plea of guilty to one count of cyber stalking in violation of 18 U.S.C. §§ 2261A(2)(A), 2261A(2)(B), and 2261(b)(6). (Doc. 23). On February 18, 2021, Judge John E. Dowdell sentenced Defendant to be imprisoned for a term of 46 months. (Doc. 31 at 2).

Defendant filed his Motion on February 1, 2022. (Doc. 34). In it, Defendant states that he has changed for the better. He does not downplay the severity of what he did and assures the Court that he is working as hard as he can to ensure that he never makes the same mistake again. (*Id*. at 1-2). Defendant also notes that Judge Dowdell's recommendation at sentencing, that Defendant be housed at the federal correctional institution in El Reno, Oklahoma, so he could complete the Residential Drug Abuse Program (Doc. 31 at 2), was ignored. Instead, Defendant was sent to FCI Beaumont, which Defendant argues is a high security prison full of people convicted of far worse crimes than him. (*Id*. at 3). Defendant concludes by asking the Court to modify his sentence to allow him to complete his term of imprisonment on home confinement, or for any other sentence modification the Court may deem appropriate. (*Id*. at 4).

## II.   Discussion

Defendant does not cite any authority in his Motion that would allow the Court to modify his sentence. However, because Defendant proceeds pro se, the court will construe his Motion liberally and hold it to a less stringent standard than formal pleadings drafted by lawyers. *See* <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). Of course, the Court will not assume the role of advocate for him either. *Id.* The Court will first evaluate Defendant's Motion as a request for home confinement under 18 U.S.C. § 3624(c)(2). Concluding that it lacks jurisdiction to order home confinement, the Court will then construe Defendant's Motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] To the extent Defendant is objecting to his placement in FCI Beaumont, despite Judge Dowdell's recommendation that Defendant be placed in FCI El Reno, the Court lacks jurisdiction to review such placement. A recommendation of a sentencing court is just one of many factors the Bureau of Prisons looks at before designating a prisoner's place of imprisonment, and, notably, such placement "is not reviewable by any court." 18 U.S.C. § 3621(b).

### A. Home Confinement

Before a prisoner is released from federal custody, the Director of the Bureau of Prisons (BOP) may place such prisoner "in home confinement for the shorter of 10 percent of the term of imprisonment . . . or 6 months." 18 U.S.C. § 3624(c)(2). The recently-enacted CARES Act expands the BOP's discretion in ordering home confinement, providing that "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2). CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). Importantly, however, pre-release custody placement under § 3624(c) is a matter committed to the authority of BOP. *United States v. Shipley*, 286 F. Supp. 2d 499, 500 (W.D. Pa. 2003) (citing cases). And the CARES Act did not change this dynamic, as it "authorizes the BOP—not the courts—to expand the use of home confinement." *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020); *see also United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citation omitted)).

Accordingly, the Court lacks jurisdiction to order that Defendant be placed in home confinement for the remainder of his sentence, and it will thus construe Defendant's Motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

### B. Compassionate Release

"[I]t is well-settled that '[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*,

3

81 F.3d 945, 947 (10th Cir. 1996)). One such instance is the compassionate release statute, 18 U.S.C. § 3582(c), which permits a court to modify a term of imprisonment if certain statutory prerequisites are met. Prior to 2018, one of those prerequisites was that the BOP had to bring a motion on a defendant's behalf. However, in December 2018, Congress enacted the First Step Act (FSA), which modified 18 U.S.C. § 3582(c)(1) to allow a defendant to file a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction

§ 3582(c)(1)(A).

As the statute indicates, a defendant may file for compassionate release only "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing 132 Stat. at 5239). Only once a court has determined that a defendant has satisfied the exhaustion requirement can it turn to the substance of a defendant's motion.

Here, Defendant has not shown that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or that 30 days have elapsed since he submitted an unanswered request for a motion to the warden. § 3582(c)(1)(A). This failure to exhaust administrative remedies "presents a glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); see also *United States v. Springer*, 820 F. App'x 788, 792 (10th Cir. 2020) (affirming denial of compassionate release request because defendant did not exhaust administrative remedies). Accordingly, the Court dismisses Defendant's Motion for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (holding that a motion to modify a sentence should be dismissed for lack of jurisdiction, rather than denied, when the district court lacked statutory authority to modify the sentence).

**IT IS THEREFORE ORDERED** that Defendant Parris Evitt's Motion for Modification of Sentence (Doc. 34) is dismissed for lack of jurisdiction.

**SO ORDERED** this 22nd day of March, 2022.

_____
TERENCE C. KERN for
John E. Dowdell
United States District Court Judge